**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| HUNTER BROWN AND | § | |
| RONALD ALBRITTON, | § | |
| Individually and On Behalf of All | § | |
| Others Similarly Situated, | § | CIV. ACTION NO. 2:22-CV-116 |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| EOG RESOURCES, INC.; | § | COLLECTIVE AND CLASS ACTION |
| Defendant. | § | COMPLAINT |
| | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Hunter Brown and Ronald Albritton, ("Plaintiffs"), on behalf of themselves and all others similarly situated, file this Original Complaint, as follows:

**I.  PRELIMINARY STATEMENT**

1. EOG Resources, Inc., ("EOG" or "Defendant") was formerly an employer, joint and/or co-employer of Plaintiffs. Plaintiff Hunter Brown worked for EOG from 2014 until March of 2020. Plaintiff Ronald Albritton worked for EOG from August of 2012 until December 25, 2021. Plaintiffs worked as water consultants for EOG, working exclusively on various drilling rigs operated by EOG in Texas and New Mexico. Plaintiffs were misclassified as an independent contractors, despite the fact that they worked full time for EOG, and virtually every aspect of their job was controlled by EOG. Plaintiffs typically worked between 14-20 hours per day, typically seven days a week. Plaintiffs received a day rate regardless of the number of hours they worked in a given day or week, and never received overtime pay. On information and belief, a large

number of water consultants have worked for EOG, all of whom are classified as independent

contractors and all of whom are paid a day rate and denied overtime pay.

2. Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective

action to recover overtime compensation and all other available remedies under the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA"). Plaintiffs, on behalf of

themselves and all others similarly situated, also bring a Rule 23 class action under New Mexico

Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) (the "NMMWA").

3. The class of similarly situated employees sought to be certified as a collective action un-

der the FLSA is defined as:

> **All water consultants working for EOG during the past 3 years**
> **who were classified as independent contractors and paid a day-**
> **rate with no overtime, except those hired through Bedrock PC**
> **1099, LLC[1] (the "FLSA Class Members").**

4. The Rule 23 class of similarly situated employees sought to be certified as a class action

under the NMMWA is defined as:

---

[1] Bedrock PC 1099, LLC is a "consulting company" - essentially a staffing company - that EOG has used
to fill some of its water consultant positions. A separate collective and class action lawsuit has been filed
alleging FLSA and NMMWA violations against Bedrock PC 1099, LLC and EOG by another former
worker who was hired through Bedrock. That lawsuit, filed by Chad Porter, is pending in the Southern
District of Texas, Houston Division, Civil Action No. 4:22-CV-524.

> **All water consultants working for EOG in New Mexico at any time from at least August of 2012[2] until the present who were classified as independent contractors and paid a day-rate with no overtime, except those hired through Bedrock PC 1099, LLC[3] (the "Rule 23 Class Members").**

5. For at least three years prior to the filing of this Complaint, Defendant willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

## II. PARTIES

6. Plaintiffs are individuals. Plaintiffs' Notices of Consent are attached hereto as Exhibits 1 and 2.

7. EOG Resources, Inc. is a foreign corporation with its principal place of business in Houston, Texas. EOG may be served through its registered agent for service of process, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201, or where found.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair

---

[2] Plaintiffs are aware that EOG has been classifying water consultants as day rate independent contractors with no overtime pay at least as early as August of 2012, and it continued to do so at least until December of 2021. Thus, EOG has committed a continuing violation of the NMMWA as to all class members since at least 2012 because "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," see NMSA 1978 § 50-4-32. Thus, the period covered by the NMMWA claim for Plaintiffs and the Rule 23 Class Members would begin when EOG's misclassification scheme started, which Plaintiffs know was at least since August of 2012 (because Mr. Albritton worked for EOG since then and was classified as an independent contractor since then), and likely earlier. *See, e.g., Felps v. Mewbourne Oil Co., Inc.*, Case No. 2:18-CV-811-MV-GJF (D.N.M. Nov. 16, 2020) (certifying NMMWA class action of oilfield workers from June 19, 2009 and June 21, 2017 based on continuing course of conduct provision of the NMMWA). Plaintiffs will amend this complaint if discovery confirms that EOG's continuing NMMWA violations extended further back than August of 2012.

[3] See FN 1, above.

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." The Court has subject matter jurisdiction over the state law claims pursuant to 28. U.S.C. § 1332(d) because this is a class action with an amount in controversy over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen of a different state than EOG. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over EOG because EOG performs a substantial amount of business in New Mexico. This Court's assertion of jurisdiction over EOG would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. NMMWA COVERAGE

11. At all relevant times, EOG acted as an employer or joint employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B) with respect to Plaintiffs and other Rule 23 Class Members. EOG was responsible for all decisions related to the wages to be paid to Plaintiffs and other Rule 23 Class Members, the work to be performed by them, the locations of work performed by them, the hours to be worked by them, and the compensation policies with respect to them.

12. At all relevant times, Plaintiffs and the Rule 23 Class Members constituted individual employees employed by an employer as the term "employee" is understood under the NMMWA.

## V. FLSA COVERAGE

13. At all relevant times, EOG has acted, directly or indirectly, as the employers or joint employers with respect to Plaintiffs and others similarly situated. EOG is directly or indirectly responsible for all decisions related to the wages to be paid to water consultants, the work to be performed by the water consultants, the locations of work performed by the employees, the hours to be worked by the water consultants, and the compensation policies with respect to the water consultants.

14. At all relevant times, EOG has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, EOG has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

16. At all relevant times, Plaintiffs, and others similarly situated, were employees for EOG who were engaged in commerce or in the production of goods for commerce.

## VI.  FACTUAL BACKGROUND

17. EOG is an international energy company engaged in exploration and production of oil and gas. EOG has operations across the United States, including in Texas, Pennsylvania, Oklahoma, North Dakota, Wyoming and Colorado. These drilling operations require significant

amounts of water, and produce significant amounts of "dirty" water, which is wastewater conta-

minated by hazardous chemicals. EOG uses water consultants to dispose of and otherwise man-

age the water used and produced by its drilling operations. Both Plaintiffs, and other members of

the proposed FLSA and Rule 23 classes, spent a substantial amount of time working for EOG in

eastern New Mexico. EOG has substantial drilling operations in the Permian and Delaware

basins, and these shale formations extend into New Mexico. EOG has drilled thousands of wells

in the New Mexico counties of Eddy and Lea alone in recent years, and Plaintiffs and the mem-

bers of the proposed FLSA and NMMWA classes worked thousands of man-hours in the New

Mexico counties of Eddy and Lea.

18. Because Plaintiff and other EOG-dedicated water consultants are paid a day rate, and

because their schedules are set by EOG, they are not given any opportunity to share in the profit

and/or loss of their services. They are not allowed the freedom to take or reject assignments - in-

stead they must report to EOG's rigs as ordered to do by EOG. Because they work full time

(working very long hours) for EOG, they are not allowed an opportunity to expand their business

or to take on other assignments as true independent contractors would be expected to do. More-

over, the water consultants are manual laborers, not the kind of highly-skilled workers that would

typically be classified as independent contractors. Finally, the water consultants did not provide

their own tools or equipment and were not allowed to hire their own helpers, as true independent

contractors typically do.

19. No exemption excuses EOG from paying Plaintiffs and others similarly situated over-

time rates under the FLSA or the New Mexico Wage Act.

20. EOG has failed to make a good faith effort to comply with the FLSA. Instead, EOG knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

21. Plaintiffs and others similarly situated are entitled to treble damages under the NMMWA.

22. Plaintiffs have retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA and the New Mexico Wage Act, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VII. COLLECTIVE ACTION ALLEGATIONS

23. Other employees of EOG have been victimized by the pattern, practice and policy of EOG. Plaintiffs are aware that the illegal practices and policies of EOG have been imposed on other, similarly situated workers.

24. Plaintiffs bring their claim on behalf of all current and former FLSA Class Members, or similar job descriptions or titles, who worked on a dedicated basis for EOG.

25. EOG's compensation policies and procedures with respect to Plaintiffs and the FLSA Class Members and wages paid to Plaintiffs and the FLSA Class Members are substantially similar, if not identical.

26. EOG's pattern of failing to pay overtime compensation as required by the FLSA results from EOG's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiffs or other FLSA Class Members.

27. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to EOG's liability under the FLSA.

28. Plaintiffs file this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of EOG.

29. Plaintiffs request that EOG identify all FLSA Class Members in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers of the FLSA Class Members.

30. Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

31. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

32. Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VIII.   CLASS ACTION ALLEGATIONS

33. The foregoing allegations are incorporated herein by reference.

34. Plaintiffs bring his class action on behalf of the respective Rule 23 Class Members. The Rule 23 Class Members are so numerous that their joinder is impracticable. While the pre-

cise number of the Class Members is unknown, there are at least 50 Consultants that worked at least one workweek of at least 40 hours in or out of New Mexico since 2012.

35. Plaintiffs' claims are typical of the Rule 23 Class Members. He and the Rule 23 Class Members (1) were responsible for performing manual labor on EOG's drilling rigs; (2) worked over 40 hours in at least one workweek of at least 40 hours in or out of New Mexico; and (3) were not paid overtime.

36. Common questions of law and fact predominate over any questions affecting any individual members, including:

- Whether EOG violated the New Mexico Wage Act;
- The proper measure of damages sustained by the respective Rule 23 Class Members; and
- Whether EOG should be enjoined from committing the alleged violations of the New Mexico Wage Act in the future.

37. As a result, Plaintiffs will fairly and adequately protect the respective Rule 23 Class Members and has retained counsel experienced in complex wage and hour litigation.

38. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because EOG acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

39. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation— individuals lack

the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the misclassification policy/day rate described herein. No apparent difficulties exist in managing this class action. Plaintiffs intend to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

40. EOG violated and continue to violate New Mexico Wage Act through their continuing course of conduct that began with the inception of their misclassification policy described herein and has continued with the enforcement of the same misclassification policy until the at least of the date of this filing.

## IX.  CAUSES OF ACTION

### COUNT ONE - VIOLATIONS OF THE FLSA

41. The foregoing allegations are incorporated herein by reference.

42. Plaintiffs and others similarly situated were non-exempt employees of EOG.

43. Plaintiffs and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

44. EOG violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiffs or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

45. Plaintiffs, individually and on behalf of others similarly situated, seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and

litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### COUNT TWO - VIOLATIONS OF THE NEW MEXICO MINIMUM WAGE ACT

46. The foregoing allegations are incorporated herein by reference.

47. Plaintiffs and the Rule 23 Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

48. During the relevant time period, EOG violated and continues to violate New Mexico Wage Act by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

49. As a direct and proximate result of EOG's unlawful conduct, Plaintiffs and the Rule 23 Class Members have suffered and will continue to suffer from a loss of income and other damages.

50. Plaintiffs and the Rule 23 Class Members are entitled to their unpaid wages, treble damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under New Mexico Minimum Wage Act.

51. Moreover, Plaintiffs request that this lawsuit encompass all violations that occurred as a part of EOG's continued course of conduct regardless of the date on which they occurred, and specifically alleges that such violations have occurred from at least August of 2012 until December of 2021.

## X. RELIEF SOUGHT

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Class Members, prays

for relief against EOG as follows in regards to the FLSA collective action claims:

> a. For an Order pursuant to Section 16(b) of the FLSA finding EOG liable for un-
> paid back wages due to Plaintiffs (and those who may join in the suit) and for liq-
> uidated damages equal in amount to the unpaid compensation found due to Plain-
> tiffs (and those who may join the suit);
>
> b. For an Order awarding Plaintiffs (and those who may join in the suit) the costs
> of this action;
>
> c. For an Order awarding Plaintiffs (and those who may join in the suit) attorneys'
> fees;
>
> d. For an Order awarding Plaintiffs (and those who may join in the suit) pre-
> judgment and post-judgment interest at the highest rates allowed by law; and
>
> e. For such other and further relief as may be necessary and appropriate.

WHEREFORE, Plaintiffs, individually and on behalf of the Rule 23 Class Members,

prays for relief against EOG as follows in regards to the class action complaint:

> a. For an Order Certifying the NMMWA claim as a class action pursuant to Fed.
> R. Civ. P. 23, for designation of Plaintiffs as Class Representatives under New
> Mexico Minimum Wage Act, and for designation of Plaintiffs' counsel as class
> counsel;
>
> b. For Judgment that EOG violated New Mexico Minimum Wage Act by failing
> to pay Plaintiffs and the Rule 23 Class Members overtime compensation;
>
> c. For an Order awarding Plaintiffs and the Rule 23 Class Members all unpaid
> overtime compensations, treble damages, prejudgment interest and all available
> penalty wages under New Mexico Minimum Wage Act;

d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e. For injunctive relief as requested herein and for such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
Texas State Bar No. 24045532[4]
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, PMB # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**COUNSEL FOR PLAINTIFFS**

---

[4] The undersigned is admitted to practice before the U.S. District Court for the District of New Mexico.