IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HUNTER BROWN AND
RONALD ALBRITTON
Individually and On Behalf of All
Others Similarly Situated,

     Plaintiffs,

v.                                          Case No.  22-CV-0116 KG/GBW

EOG RESOURCES, INC.,

     Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant EOG Resources, Inc.'s Motion for a Jury Trial. (Doc. 22). That Motion is fully and timely briefed. (Docs. 24, 26). Having considered the briefing, the record of the case, and the applicable law, the Court grants the Motion.

I.    *Background*

Plaintiffs Hunter Brown and Ronald Albritton brought suit in February 2022, alleging that EOG violated the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA") by failing to pay overtime compensation. *See* (Doc. 1). Plaintiffs also seek to bring an FLSA collective action and a Rule 23 class action under the NMMWA on behalf of certain "water consultants." *Id*. at ¶¶ 3-4. Plaintiffs did not demand a jury trial either in their complaint or within 14 days of the Answer. *See* (Doc. 1); *also* Fed. R. Civ. P. 38(b) (setting time limits for jury demand). EOG similarly did not make a jury demand in its Answer or within 14

days. *See* (Doc. 4).  Three months after the deadline passed, EOG filed the instant Motion for a

jury trial.[1]  (Doc. 22).

II.      *Issue / Analysis*

It is undisputed that neither party timely invoked the constitutional right to a jury trial per

Rule 38, and thus both parties waived that right.  Rule 39(b), however, allows that "the court

may, on motion, order a jury trial on any issue for which a jury might have been demanded."  It

has been a long-held rule in this Circuit that the "trial court has broad discretion in determining

whether a jury trial shall be granted" on a Rule 39(b) motion.  *U. S. Fid. & Guar. Co. v. Lembke*,

328 F.2d 569, 573 (10th Cir. 1964).  The Tenth Circuit, with equal longevity, "has held that,

absent strong and compelling reasons to the contrary, a district court should exercise its

discretion under Rule 39(b) and grant a jury trial."  *Nissan Motor Corp. in U.S.A. v. Burciaga*,

982 F.2d 408, 409 (10th Cir. 1992) (citing *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150,

155 (10th Cir. 1965)).  Thus, the scales are weighted towards granting a jury trial and the Court

must search for "strong and compelling reasons" not to.

Plaintiffs argue that the Motion should be denied because Defendants did not show a

good reason for their failure to timely demand a jury trial.  Plaintiffs rely particularly on the

following quote: "It would not be an abuse of discretion to deny relief pursuant to Rule 39(b)

when the failure to make a timely jury demand results from nothing more than the mere

inadvertence of the moving party." (Doc. 24) at 2 (quoting *Burciaga*, 982 F.2d at 409 ).

Plaintiffs, however, did not quote the full sentence, which clarifies that the *Burciaga* Court

---

[1] EOG filed its Answer on April 7, 2022.  (Doc. 4).  Fourteen days later was April 21, 2022.
EOG filed this Motion on July 22, 2022, (Doc. 22), or almost exactly three months after the
deadline.

intended that holding to be harmonious with the general "strong and compelling reasons" to deny

standard:

> This court has held that, absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial. Consistent with that guiding principle, we hold today that it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party.

*Burciaga*, 982 F.2d at 409 (citations omitted).[2]  Just because denial of a motion for a jury trial

for mere inadvertence may not be an abuse of discretion does not make denial mandatory, nor

does it flip the burden from the "strong and compelling"-reasons-to-deny standard to a good-

reasons-to-grant standard.[3]

Here, the Court finds no strong or compelling reason to deny the request for a jury trial.

Plaintiffs did not argue that a jury trial would prejudice them, so the Court deems the issue

conceded.  *Mulford v. Altria Group, Inc.*, 242 F.R.D. 615, 622 n.5 (D.N.M. 2007) ("Failure to

respond to an argument is generally deemed an acquiescence.").  As for delays, discovery has not

begun in this case, class certification is pending, *see* (Doc. 18), there is no operative scheduling

order, and no Rule 16 scheduling conference has been held nor even noticed.  Granting a jury

trial now will surely not disrupt or delay the case in any way.  Thus, finding no prejudice to the

---

[2] Plaintiffs went further and argued that EOG must, as a *threshold* matter, show good reason for not timely demanding a jury trial before this Court can get to the merits of the motion for jury trial. (Doc. 24) at 3.  This Court sees no support for that contention either in the Rule or in Tenth Circuit jurisprudence.  Indeed, Plaintiffs cite only to a Northern District of Illinois case in support of the proposition. (Doc. 24) at 3 (quoting *ADT Sec. Servs. V. Lisle-Woodridge Fire Protection*, 844 F. Supp. 2d 937, 939 (N.D. Ill. 2012)).

[3] In sum, Plaintiff's counsel appears to have argued for a standard which at worst does not exist and at best is not binding on this Court.  While creative arguments or strategic attempts to change the law can, at times, be virtuous, the Court reminds counsel that candor to the tribunal and accuracy are required by Federal Rule of Civil Procedure 11 and the New Mexico Rules of Professional Responsibility.  Cherry-picked quotes and laissez-faire citation will not suffice in this Court.

Plaintiffs and finding no delay will occur, the Court determines the constitutional right to a jury trial outweighs the value of timely invocation of the right and there is no compelling reason to deny a jury trial.

The Court, therefore, grants the Motion.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE